**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**DWAYNE FRIDAY,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**Case No. 16-cv-00034-RAM-EAH**

**TO: Dwayne Friday, Pro Se**

**REPORT AND RECOMMENDATION**

**THIS MATTER** comes before the Court on an Order by Chief District Judge Robert A. Molloy, dated March 10, 2026, referring the Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (the § 2255 Motion), filed by Petitioner Dwayne Friday, to the undersigned for a Report & Recommendation. Dkt. No. 7.

Mr. Friday pleaded guilty in this Court to distribution of cocaine and possession of cocaine with intent to distribute, pursuant to 21 U.S.C. §§ 841(a) (Counts 1 and 2), and to carrying a firearm during a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(A) (Count 3). Dkt. No. 37 in 1:15-cr-0023, *United States v. Friday*. He was sentenced in January 2016 to ten months imprisonment on Counts 1 and 2, to be served concurrently, and 60 months imprisonment on Count 3, to run consecutively to Counts 1 and 2. Dkt. No. 57 in 15-cr-0023. He was also sentenced to three years of supervised release. *Id.*

Mr. Friday filed his § 2255 Motion in June 2016 in the District Court for the Middle District of Florida. Dkt. No. 1. In his one-page § 2255 Motion, Mr. Friday appears to challenge his sentence. Dkt. No. 1. He cites *Johnson v. United States*, 576 U.S. 591 (2015), which held

that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violated the Constitution's due process guarantee. Mr. Friday appears to argue that because he was convicted of carrying a firearm during a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(A), that statute (that also contains a residual clause) was unconstitutionally vague, his conviction under that statute did not qualify as a violent felony, he was sentenced based on an unconstitutional statue, and therefore he should be resentenced.[1] *Id.*

The District Court for the Middle District of Florida transferred Mr. Friday's § 2255 Motion to this Court in June 2016, *id.* at 2, 3, and it was referred to the undersigned for a Report & Recommendation in March 2026, Dkt. No. 7.

**DISCUSSION**

Bearing in mind that Mr. Friday's sentence of incarceration was 70 months, followed by a three-year term of supervised release, and that he had been incarcerated at least as of January 2016 when he was sentenced, the Court conducted a search of the Bureau of Prisons Inmate Locator website, which confirmed that Mr. Friday was released from Bureau of Prisons custody as of March 3, 2020. *See* https://www.bop.gov/inmateloc/search term "Dwayne Friday", Register # 05891-094, indicating "NOT IN BOP CUSTODY" (last accessed

[1] Mr. Friday's § 2255 Motion contained a second page, which appears to be a cover letter to the court, in which he asked the court to issue "a second or successive 2255(h) and 2243 directing the Respondent to 'Release' Petitioner from Federal Custody Immediately." He refers generally to his sentence being incorrectly calculated. Dkt. No. 1 at 2. It is unclear what Mr. Friday means; the Court interprets this as further explaining his challenge to his sentence.

9/10/2026). Not only has Mr. Friday completed his term of incarceration, but he has also completed his term of supervised release. On March 10, 2023, then-Judge Wilma A. Lewis Ordered that Mr. Friday be discharged from probation/supervised release and that the proceedings in his criminal case (1:15-cr-00023) be terminated. Dkt. No. 58 in 15-cr-0023.

At the point Judge Lewis terminated Mr. Friday's criminal case, his § 2255 Motion became moot because Mr. Friday had completed serving both the incarceration and supervised release portions of his federal sentence. *Patel v. United States*, 158 F.4th 342, 347-48 (3d Cir. 2025) ("So a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained.") (citation modified). Given that Mr. Friday's criminal case has been terminated, and no collateral consequences of his sentence appear to be at issue, this Court cannot grant him any further relief on his § 2255 Motion.

In addition, the last address the Court has for Mr. Friday is in care of FCC Coleman, from which he was released six years ago. He has not communicated with the Court to provide any updated address where correspondence from the Court may be sent, as he was required to do. The Court will nevertheless undertake the exercise of sending this Order to Mr. Friday at FCC Coleman, despite the futility of doing so.

**RECOMMENDATION**

Accordingly, the Court respectfully **RECOMMENDS** that Mr. Friday's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED AS MOOT**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall provide a copy of this R&R to Dwayne Friday at the last address on file (Dwayne Friday, 05891-094, FCC Coleman Low-A-4, P.O. Box 1031, Coleman, FL 33521-1031) by certified mail, return receipt requested.

ENTER:

Dated: September 10, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE